UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael P. Zey, Plaintiff, | ) C/A No. 2:11-2481-CMC- BM |
| vs. | ) **REPORT AND RECOMMENDATION** |
| State of South Carolina; North Charleston Police Department; Ninth Judicial Circuit, Defendants. | ) |

This is a civil action filed pursuant to 42 U.S.C. § 1983 by Plaintiff, Michael P. Zey ("Plaintiff"), an inmate in the South Mississippi Correctional Institution in Leakesville, Mississippi. Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to 28 U.S.C. § 1915A, which requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However,





the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

**FACTUAL BACKGROUND**

This case was transferred to this Court from the United States District Court for the Northern District of Georgia (*see* Order, ECF No. 2). Based on the Order of Transfer, the case has been docketed in this Court as "Zey v. State of South Carolina, et al." However, a careful review of the pleading demonstrates that Plaintiff's Complaint is actually an attempt to litigate alleged constitutional violations of federal and state extradition laws on behalf of the United States District Court for the Northern District of Georgia and the State of Georgia. Plaintiff's handwritten Complaint, which is not submitted on a state prisoner complaint form, but on a page entitled "In the United States District Court Northern District of Georgia," actually lists the "United States District Court State of Georgia" in the case's caption in the position where the plaintiff's name should appear. The first sentence of Plaintiff's "Preliminary Statement" is:

> This is a civil action *filed by the United States District Court for the Northern District of Georgia and the State of Georgia* against the State of South Carolina the North Charleston Police Department and the Ninth Judicial Circuit for violating, 18 U.S.C.A. § 3182, 3183, 3187, 3142 and Article IV Section 2 of the United States Constitution, federal extradition and state extradition laws.

ECF No. 1, p. 1 (emphasis added). Plaintiff's "Preliminary Statement" goes on to allege that the United States District Court for the Northern District of Georgia has jurisdiction and venue of the case, and that the case:

> raises a question of interpretation as to whether the State of South Carolina and its agents without lawful authority invoked the ancient 1850 Fugitive Slave Law in part or a malicious arrest of a person who was illegally detained falsely imprisoned in





> Mississippi no warrant or extradition signed so that agents from South Carolina could kidnap him when he was not fleeing from justice he had committed no crime he was wanted for questioning by the North Charleston Police Department them violating his Fifth Amendment to the United States Constitution.

ECF No. 1, p. 2. Plaintiff further alleges:

> What laws in respect to your state, federal and state were violated, the Sheriff's Department in Charleston County, South Carolina won't respond. *If you should decide or set forth a ruling against them it would assist me in my civil litigation against them filed on this date.*[1] *Address the United States District Court for the Southern District of South Carolina in Charleston South Carolina, requesting of that, their court to make Charleston County South Carolina make a answer as why they violated your federal and state laws unconstitutionally*. Send me a copy of your ruling and direct response against them. States involved against Charleston County South Carolina for violating your territorial state boundaries, Alabama and Georgia parties involved.

ECF No. 1, p. 3 (emphasis added). Plaintiff then certifies that he "personally mailed a exact copy of this civil action to the United States District Courts and Attorney General's of Alabama and Georgia, United States of America by MDOC Institutional Mail, with exhibits attached." *Id.* The balance of the Complaint filed in the instant case is comprised of exhibits A - C, C-1, C-2, and J; Affidavit of the Facts 1992-1993; exhibits D and E; Affidavit Against Robyn Salisbuty (also labeled "I" and "I-2"); and exhibit Z, which set forth Plaintiff's allegations of the violations of his constitutional rights. *See* ECF No. 1, p. 4-19. Exhibits C-1 and C-2 are repeated at ECF No. 1, p. 20-21.

---

[1] The Court takes judicial notice that Plaintiff has another pending case in this Court, *Zey v. State of South Carolina and North Charleston Police Department*, C/A No. 2:11-2389-CMC-BM (D.S.C.). That case was filed the day after the instant case was originally filed in the United States District Court for the Northern District of Georgia, and is "a civil rights action filed by Michael P. Zey a state prisoner for damages and injunctive relief under 42 U.S.C. § 1983." Complaint, *Zey v. State of South Carolina and North Charleston Police Department*, C/A No. 2:11-2389-CMC-BM (D.S.C.), ECF No. 1, p. 1. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")





**DISCUSSION**

To the extent that Plaintiff is attempting to state a claim on behalf of the United States District Court for the Northern District of Georgia and the State of Georgia, he cannot do so. The United States Fourth Circuit Court of Appeals has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se*, cannot represent other prisoners in a class action). *See Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-26 (4th Cir. 1981) (prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). In federal court a party has the right to plead and conduct their own case, *Faretta v. California*, 422 U.S. 806, 830, n.39 (1975), and in the criminal context a defendant has a constitutional right to represent himself under the Sixth and Fourteenth Amendments. *Id.* Section 1654 of Title 28 of the United States Code expressly provides: "In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added). However, there is no similar constitutional right of a layman to represent others, particularly a State or a United States District Court. *See Phillips v. Tobin*, 548 F.2d 408, 411 (2nd Cir 1976); *Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970); *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 475-77 (N.D.Tex. 1975). Consequently, Plaintiff's Complaint, filed in this case on behalf of the United States District Court for the Northern District of Georgia and the State of Georgia, should be dismissed because it fails to state a claim upon which relief may be granted by this Court.





Additionally, Plaintiff has failed to even request any relief or suggest to this Court any remedy for the alleged violations. Plaintiff's Complaint simply asks this Court to "request[] of . . . their court [to] make Charleston County South Carolina . . . answer as [to] why they violated your federal and state laws unconstitutionally." ECF No. 1, p. 3. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983); *see Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in *Pub. Serv. Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to request specific relief, the court stated:

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *U. S. v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Hence, in the absence of a request for relief from





Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal on this additional ground.

Even if Plaintiff's Complaint is liberally construed as an attempt by Plaintiff to bring his *own* claims against the Defendants for Plaintiff's alleged wrongful arrest, extradition,[2] conviction, and imprisonment, such claims are still subject to summary dismissal. First, a claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity); *Florida Dept of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to

[2] In *Wirth v. Surles*, 562 F.2d 319 (4th Cir. 1977), the Fourth Circuit held that a complaint alleging the arrest and transportation of a fugitive without extradition proceedings creates a cause of action pursuant to 42 U.S.C. § 1983. In *Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005) the Fourth Circuit concluded that *Wirth* is still good law and that a state prisoner's § 1983 claim seeking damages and declaratory relief for the alleged violation of his federally protected extradition rights is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).





Eleventh Amendment immunity); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same). Therefore, the Defendant "State of South Carolina" and Defendant "Ninth Judicial Circuit" (of South Carolina)[3] are not "persons" under 42 U.S.C. § 1983, and have Eleventh Amendment immunity from any claim for damages.

The Eleventh Amendment also technically bars a person from suing a state or its agencies seeking injunctive relief. *Cory v. White*, 457 U.S. 85, 91 (1982) ("Thus, the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity."). However, a plaintiff may bring a suit against a state officer in his or her official capacity seeking prospective injunctive relief, thereby effecting the same result. *Seminole Tribe v. Florida*, 517 U.S. 44, 71 n. 14 (1996) ("An individual can bring suit against a state officer in order to ensure that the officer's conduct is in compliance with federal law."); *S.C. State Bd. of Dentistry v. FTC*, 455 F.3d 436, 447, n.8 (4th Cir. 2006). A state official sued in his or her official capacity, when sued for prospective injunctive relief, would be a "person" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). However, Plaintiff's Complaint does not seek prospective injunctive relief against any state official. Consequently, Plaintiff fails to

---

[3] Under Article V, Section 1, of the Constitution of the State of South Carolina, the judicial power of South Carolina is vested in a unified judicial system, which includes the Supreme Court, the Court of Appeals, the Circuit Court, and such other courts of uniform jurisdiction as are provided for by general law. The Supreme Court, subject to the statutory law, makes rules governing the administration of the courts and practice and procedure in all such courts. The Chief Justice of the Supreme Court is the administrative head of the unified judicial system. *See* Article V, Section 4; *Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988). The Ninth Judicial Circuit is one of sixteen judicial circuit courts in the state system.





state a claim upon which relief may be granted against these Defendants, and they are entitled to summary dismissal on this additional ground.

As for the Defendant "North Charleston Police Department," it is arguable that municipal and county police departments and bureaus are not themselves "persons" within the meaning of 42 U.S.C. § 1983, instead being an integral part of a city and not a separately sue-able entity under § 1983. *See, e.g., U. S. v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Gore v. Conway Police Dept.*, No. 9:08-1806-RBH , 2008 WL 2566985 (D.S.C. June 26, 2008); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *Post v. City of Ft. Lauderdale*, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990); *Mo. ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979); *but see Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003). However, liberally construing Plaintiff's Complaint as an attempt to establish liability of the City of North Charleston based on the alleged actions of the North Charleston Police Department (or essentially considering the two entities as one and the same), Plaintiff still fails to state a plausible claim upon which relief may be granted by this Court. Under *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984). Where the alleged policy or custom is a failure on the part of the municipality to adequately train, supervise, or discipline its police officers, liability may be established only where the city's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971-72 (3d Cir. 1996). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done





by a municipal official or employee is obliged to "identify a municipal 'policy,' or 'custom' that caused [plaintiff's] injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403(1997) (quoting *Monell*, 436 U.S. at 694). In the instant case, Plaintiff makes no allegations that the alleged wrongful actions (whatever they were) were in furtherance of any policy, custom, or practice of the Police Department or the City, or were even performed by employees of either of those entities. Consequently, Plaintiff's claims against the Defendant North Charleston Police Department are subject to summary dismissal on this ground.

Finally, Plaintiff appears to allege that excessive force was used in arresting him, in July 1992 in Mississippi, on an outstanding South Carolina arrest warrant, and that he was unlawfully returned to South Carolina, without proper extradition procedures, where he eventually pled guilty to attempted kidnapping, in January 1993, in South Carolina's Ninth Judicial Circuit Court of General Sessions. *See* ECF No. 1, p. 10-14. As to these claims, the Complaint is on its face untimely. Based on *Owens v. Okure*, 488 U.S. 235 (1989) and *Wilson v. Garcia*, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983 actions. In South Carolina, that has been held to be South Carolina Code § 15-3-530(5). Thus, the applicable statute of limitations for Plaintiff's claims of false arrest, excessive force, kidnapping, false imprisonment, and violation of extradition laws is three (3) years. It plainly appears from Plaintiff's Complaint that the alleged actions upon which Plaintiff is basing his claims took place between June 1992 and January 1993. Plaintiff alleges no facts as to why his Complaint, filed on September 6, 2011, should be considered timely, and because more than eighteen (18) years elapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against the



Defendants, Plaintiff's claims are untimely by more than fifteen (15) years, fail to state a claim on which relief may be granted, and should, consequently, be dismissed as frivolous.

While, under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading; *see, e.g., United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983) the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 and § 1915A whether process should be issued. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing *Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted). Therefore, this is an additional ground on which Plaintiff's Complaint is subject to summary dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process. *See* 28 U.S.C. § 1915A; *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983).





Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

October 3, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).